1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11   KAILASH CHANDRA CHAUDHARY,        )    Case No. 5:15-cv-00752-PSG
                                       )
12                        Plaintiff,   )    **ORDER GRANTING MOTION FOR**
           v.                          )    **JUDGMENT ON THE PLEADINGS**
13                                     )
     DEBBIE SWANSON CENTI,             )    **(Re: Docket No. 16)**
14                                     )
                         Defendant.    )
15   _____  )

16          Defendant Debbie Swanson Centi moves for judgment on the pleadings as to Plaintiff

17   Kailash Chandra Chaudhary's complaint under Fed. R. Civ. P. 12(c).  Because Chaudhary's claims

18   are insufficiently alleged and fail as a matter of law, Centi's motion is GRANTED but with leave

19   to amend as required by the Ninth Circuit.

20                                        **I.**

21          Fed. R. Civ. P. 12(c) and 12(b)(6) are substantially identical; both permit challenges to the

22   legal sufficiency of the opposing party's pleadings.[1]  The court must accept all material allegations

23   in the complaint as true and construe them in the light most favorable to the non-moving party.[2]

24   The court's review is limited to the face of the complaint, materials incorporated into the complaint

25

26   _____

27   [1] *See Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

28   [2] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

(Left margin, vertical text: **United States District Court** / For the Northern District of California)

by reference, and matters of which the court may take judicial notice.[3]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[4]

Chaudhary's instant complaint marks the third time that he has attempted to challenge the loss of his parental rights, which he voluntarily relinquished in 1989 after he murdered his daughter's mother.[5]

## II.

The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

## III.

Chaudhary's causes of action fail as follows.

***First***, Chaudhary's claims are barred by res judicata.[6]  The doctrine of res judicata provides that a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action.[7]  It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action.[8]  It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is

---

[3] *See id.*

[4] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[5] *See* Docket No. 1-1 at 6, 12; Docket No. 1-2 at 28, 40, 62.  The court takes judicial notice of the prior state and federal cases between Chaudhary and Centi:  *Chaudhary v. Centi*, Case No. 1:12-cv-2288137, *affirmed, Chaudhary v. Centi*, Case No. H039733, 2014 WL 5500479, at *1 (Cal. Ct. App. Oct. 31, 2014), *review denied* (Jan. 28, 2015); *Chaudhary v. Centi*, Case No. 5:93-cv-20967-RMW (N.D. Cal. Dec. 20, 1993), *affirmed, Chaudhary v. O'Neil*, 70 F.3d 1277 (9th Cir. 1995).

[6] Rule 8(c) of the Federal Rules of Civil Procedure denotes res judicata as an affirmative defense. Ordinarily, affirmative defenses may not be asserted in a motion to dismiss.  But res judicata may be asserted when doing so does not raise any disputed issues of fact.  *See Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir.1984); *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992).

[7] *See Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir.2003).

[8] *See Western Radio Servs. Co., Inc. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997).

Case No. 5:15-cv-00752-PSG
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

whether they could have been brought.[9]  The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."[10]  Three elements must be present in order for res judicata to be applicable: (1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or privity between the parties.[11]  An identity of claims exists when two suits arise from the same transactional nucleus of facts.[12]  Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together.[13]  "Different theories supporting the same claim for relief must be brought in the initial action."[14]

Chaudhary's claims were previously adjudicated by the Northern District of California in 1993[15] and the Santa Clara Superior Court in 2012.[16]  The Superior Court observed that the (dismissed) 1993 complaint made "virtually identical allegations against Defendant" and barred his claims.  The Superior Court entered judgment in favor of Centi[17] and was affirmed on appeal.[18]

The 2012 Santa Clara County complaint alleges virtually identical facts and circumstances as alleged in this complaint.  Indeed, the first paragraph of the complaint states:  "Present Complaint was started on July 10, 2012, in the Superior Court of the Santa Clara County."[19]

---

[9] *See Tahoe–Sierra Pres. Council,* 322 F.3d at 1078.

[10] *Marin v. HEW, Health Care Fin. Agency,* 769 F.2d 590, 594 (9th Cir.1985) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).

[11] *See id.*

[12] *See Tahoe–Sierra Pres. Council,* 322 F.3d at 1078.

[13] *See Western Systems, Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992).

[14] *Id.*

[15] *See Chaudhary*, Case No. 5:93-cv-20967-RMW.

[16] *See Chaudhary*, Case No. 1:12-cv-2288137.

[17] *See* Docket No. 1-2, Ex. A at 4:7-14.

[18] *See Chaudhary*, 2014 WL 5500479, at *1.

[19] *See* Docket No. 1 at ¶ 1.

3

**Second**, Chaudhary's complaint fails to overcome the applicable three-year statute of limitations set forth in Cal. Code of Civ. P. § 338(a).[20]  Chaudhary's complaint states the case arose on January 18, 2012,[21] and repeatedly refers to events that occurred in 1989 and 1998.[22]  Chaudhary filed his complaint on February 18, 2015, outside the limitations period.

**Third**, Chaudhary's complaint fails to establish this court's subject matter jurisdiction.  Federal district courts have federal-question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."[23]  An action "arises under" federal law only if the federal question appears on the face of the complaint.  Chaudhary argues that his claims are for civil rights under the Constitution, but his complaint fails to plead any such civil rights.[24]

## IV.

Centi's motion for judgment on the pleadings is GRANTED.  Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[25]  Because Chaudhary has not previously amended his complaint and the court cannot yet say that amendment would be futile, leave to amend also is GRANTED.  Any amended complaint shall be filed by June 23, 2015.

**SO ORDERED.**

Dated: June 10, 2015

PAUL S. GREWAL
United States Magistrate Judge

[20] *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981).

[21] *See* Docket No. 1 at ¶¶ 2, 48, 49.

[22] *See* Docket No. 1 at ¶¶ 15-43, 46.

[23] 28 U.S.C. § 1331.

[24] Chaudhary has no standing as to the "federal crimes" he recites or any "undermining" of his 34-year-old daughter.  Nor does Chaudhary allege any basis for diversity jurisdiction under 28 U.S.C. § 1332.

[25] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Case No. 5:15-cv-00752-PSG
ORDER GRANTING MOTION TO DISMISS

**United States District Court**
For the Northern District of California