UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAILASH CHANDRA CHAUDHARY,<br><br>                Plaintiff,<br>    v.<br><br>DEBBIE SWANSON CENTI,<br><br>                Defendant. | Case No.: 5:15-cv-00752-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 25)** |

      Defendant Debbie Swanson Centi moves to dismiss Plaintiff Kailash Chandra Chaudhary's first amended complaint under Fed. R. Civ. P. 12(b)(6).[1]  Because Chaudhary fails to state a claim upon which relief can be granted, Centi's motion is GRANTED.  Because Chaudhary has already received leave to amend once,[2] and because res judicata and the statute of limitations continue to bar his claims, any further leave to amend would be futile and therefore is DENIED.

---

[1] *See* Docket No. 25 at 2:11-26.

[2] *See* Docket No. 23 at 4:11-15.

1

Case No.: 5:15-cv-00752-PSG
ORDER GRANTING MOTION TO DISMISS

**I.**

Feb. R. Civ. P. 12(b)(6) permits challenges to the legal sufficiency of the opposing party's pleadings.[3] The court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[4] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[5] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[6]

This marks the third time that Chaudhary has attempted to challenge the loss of his parental rights, which he voluntarily relinquished in 1989.[7] In this case, Chaudhary previously filed a complaint, which the court dismissed with leave to amend.[8] Chaudhary then filed a first amended complaint, which in large part is identical to the original complaint.[9]

---

[3] *See Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

[4] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[5] *See id.*

[6] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[7] *See* Docket No. 26-1 at 1-2. The court takes judicial notice of the prior state and federal cases between Chaudhary and Centi: *Chaudhary v. Centi*, Case No. 1:12-cv-2288137 (Santa Clara Cty. Super. Ct., Mar. 12, 2013), *affirmed*, *Chaudhary v. Centi*, Case No. H039733, 2014 WL 5500479, at *1 (Cal. Ct. App. Oct. 31, 2014), *review denied* (Jan. 28, 2015); *Chaudhary v. Centi*, Case No. 5:93-cv-20967-RMW (N.D. Cal. Dec. 20, 1993), *affirmed*, *Chaudhary v. O'Neil*, 70 F.3d 1277 (9th Cir. 1995).

[8] *See* Docket Nos. 1, 23.

[9] *Cf.* Docket No. 1 at ¶¶ 1, 3-4, 5-40 *with* Docket No. 24 at ¶¶ 1, 3-4, 8-43.

## II.

The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[10]

## III.

Chaudhary's amended claims fail as follows.

***First***, Chaudhary's claims are barred by res judicata.[11] The doctrine of res judicata prohibits the re-litigation of any claims that were raised or could have been raised in a prior action.[12] It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.[13] The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."[14]

Three elements must be present in order for res judicata to be applicable: (1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or privity between the parties.[15] An identity of claims exists when two suits arise from the same transactional nucleus of facts.[16]

---

[10] *See* Docket Nos. 14, 15.

[11] Rule 8(c) of the Federal Rules of Civil Procedure denotes res judicata as an affirmative defense. Ordinarily, affirmative defenses may not be asserted in a motion to dismiss. But res judicata may be asserted when doing so does not raise any disputed issues of fact. *See Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984); *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir. 1992).

[12] *See Western Radio Servs. Co., Inc. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997).

[13] *See Tahoe–Sierra Pres. Council,* 322 F.3d at 1078.

[14] *Marin v. HEW, Health Care Fin. Agency,* 769 F.2d 590, 594 (9th Cir.1985) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).

[15] *See id.*

[16] *See Tahoe-Sierra Pres. Council*, 322 F.3d at 1078.

3
Case No.: 5:15-cv-00752-PSG
ORDER GRANTING MOTION TO DISMISS

Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together.[17]  "Different theories supporting the same claim for relief must be brought in the initial action."[18]

Chaudhary's claims against Centi were previously adjudicated by the Northern District of California in 1993[19] and the Santa Clara County Superior Court in 2013.[20]  The Superior Court entered judgment in favor of Centi[21] and was affirmed on appeal.[22]

Like the initial complaint, the first amended complaint alleges virtually identical facts and circumstances as the 2012 Santa Clara County complaint.  Indeed, the first paragraph of both the first amended complaint and the complaint state, "Present Complaint was started on July 10, 2012, in the Superior Court of the Santa Clara County."[23]  In an attempt to survive res judicata, the first amended complaint includes new material at paragraphs five through seven, alleging that Centi alienated her daughter from Chaudhary and stole her daughter's financial assets.[24]  However, although these claims are now differently worded, as before they are based on the same underlying facts as the 2012 Santa Clara County complaint: first, that Centi misappropriated her daughter's

---

[17] *See Western Systems, Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992).

[18] *Id.*

[19] *See Chaudhary v. Centi*, Case No. 5:93-cv-20967-RMW (N.D. Cal. Dec. 20, 1993), *affirmed*, *Chaudhary v. O'Neil*, 70 F.3d 1277 (9th Cir. 1995).

[20] *See Chaudhary v. Centi*, Case No. 1:12-cv-2288137 (Santa Clara Cty. Super. Ct., Mar. 12, 2013), *affirmed*, *Chaudhary v. Centi*, Case No. H039733, 2014 WL 5500479, at *1 (Cal. Ct. App. Oct. 31, 2014), *review denied* (Jan. 28, 2015).

[21] *See id.*

[22] *See Chaudhary*, Case No. H039733, 2014 WL 5500479, at *1.

[23] Docket No. 1 at ¶ 1; Docket No. 24 at ¶ 1.

[24] *See* Docket No. 24 at ¶¶ 5-7.

financial assets,[25] and second, that Centi broke alleged promises to encourage her daughter to maintain contact with Chaudhary, and to expose her daughter to Hindu faith and culture.[26]

*Second*, Chaudhary's first amended complaint fails to overcome the applicable three-year statute of limitations set forth in Cal. Code of Civ. P. §338(a).[27]  Chaudhary's initial complaint stated that the case ripened during communications with his daughter on January 18, 2012,[28] but relied on events that occurred in 1987, 1989 and 1998.[29]  The first amended complaint also refers to events that occurred in 1987, 1989 and 1998,[30] but now alleges that Chaudhary's conversation with his daughter took place in March 2012,[31] or alternatively, in March 2013.[32]  Chaudhary does not explain the change in dates between the initial and first amended complaints.  The judicially noticed facts as to when Chaudhary became aware of the basis for his claims explicitly contradict his allegations of a March 2012 or March 2013 date.  The Superior Court's judicially noticed decision regarding Chaudhary's 2012 Santa Clara County complaint establishes that Chaudhary was "aware of the basis for each of his claimed injuries and causes of action by no later than December 20, 1993" and that his claims were "time barred long before" that complaint "was filed

---

[25] *Cf.* Docket No. 24 at ¶¶ 5-6 *with Chaudhary*, No. H039733, 2014 WL 5500479, at *3 (summarizing the 2012 Santa Clara County complaint's allegations of theft).

[26] *Cf.* Docket No. at ¶¶ 5-6 *with Chaudhary*, No. H039733, 2014 WL 5500479, at *3 (summarizing the 2012 Santa Clara County complaint's allegations regarding Centi's promises).

[27] *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981).

[28] *See* Docket No. 1 at ¶¶ 2, 48, 49.

[29] *See id.* at ¶¶ 15-43, 46.

[30] *See* Docket No. 24 at ¶¶ 18-45.

[31] *See id.* at ¶¶ 2, 45.

[32] *See id.* at ¶¶ 5, 7.

on July 10, 2012."[33] Accordingly, Chaudhary's claims remain barred by the three-year statute of limitations, despite his unexplained alteration of the date of his conversations with his daughter.

***Third***, Chaudhary's first amended complaint fails to establish this court's subject matter jurisdiction. Federal district courts have federal-question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."[34] An action "arises under" federal law only if the federal question appears on the face of the complaint. The first amended complaint raises claims against Centi under the First, Ninth and Fourteenth Amendments.[35] However, claims under the First and Fourteenth amendments require state action, and Centi is a private individual.[36] The Ninth Amendment claim also fails to present a federal question, as the Ninth Amendment does not independently secure any constitutional right for which Chaudhary may pursue a civil rights claim against the government, let alone a private individual.[37]

***Fourth***, it is clear based on the litigation history of these parties and Chaudhary's failure to cure the deficiencies of the initial complaint that his complaint cannot be saved by further amendment. The first amended complaint, the initial complaint, the 2012 Santa Clara County complaint, and the 1993 federal complaint all have alleged claims based on the same events.[38] Res judicata and the statute of limitations bar claims arising out of these events. Chaudhary has presented the court with no basis to find that any further leave to amend would result in a

---

[33] *Chaudhary v. Centi*, Case No. 1:12-cv-2288137 at 4:12-14 (Santa Clara Cty. Super. Ct., Mar. 12, 2013), *affirmed*, *Chaudhary v. Centi*, Case No. H039733, 2014 WL 5500479, at *1 (Cal. Ct. App. Oct. 31, 2014), *review denied* (Jan. 28, 2015).

[34] 28 U.S.C. § 1331. Furthermore, Chaudhary does not allege any basis for diversity jurisdiction under 28 U.S.C. § 1332.

[35] *See* Docket No. 24 at 26-29.

[36] *See* U.S. Const. amend. I; U.S. Const. amend. XIV, § 1.

[37] *See Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986).

[38] *See* Docket No. 24; Docket No. 1; Docket No. 23 at 3:14-15; Docket No. 24-1, Ex. A at 2:24-25.

complaint that is not time-barred or collaterally estopped, making it clear that any further amendment would be futile.

### IV.

Centi's motion to dismiss is GRANTED.  Because any further amendment would be futile, leave to amend is DENIED.  A separate judgment will issue.

**SO ORDERED.**

Dated: August 28, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge